BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorneys
Violent and Organized Crime Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6495/5046
        Facsimile: (213) 894-0141
        E-mail:     kevin.butler2@usdoj.gov
                    jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-00211-FLA |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| EUGENE HENLEY, JR.,<br>  aka "Big U,"<br>  aka "Unc,"<br>  aka "Draws,"<br>  aka "Hannibal,"<br>  aka "Hannibal Muhammad,"<br>  aka "Anybody Killa,"<br>  aka "Dave Austin,"<br>SYLVESTER ROBINSON,<br>  aka "Vey,"<br>MARK MARTIN,<br>  aka "Bear Claw,"<br>TERMAINE ASHLEY WILLIAMS,<br>  aka "Luce Cannon,"<br>ARMANI AFLLEJE,<br>  aka "Mani,"<br>FREDRICK BLANTON, JR., and<br>TIFFANY SHANRIKA HINES,<br><br>          Defendants. | **INDICTMENT DATE:**          03-26-25<br>**CURRENT CONFERENCE DATE:**  05-09-25<br>**CURRENT TRIAL DATES:**      05-19-25<br>                              05-20-25<br>**CURRENT STA LAST DAYS:**     06-04-25<br>                              06-13-25<br><br>**PROPOSED CONFERENCE DATE:**  04-24-26<br>**PROPOSED TRIAL DATE:**       05-04-26<br>**PROPOSED STA LAST DAYS:**    05-19-26<br>                              05-29-26 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kevin J. Butler and Jena A. MacCabe, and defendants SYLVESTER ROBINSON, MARK MARTIN, TERMAINE ASHLEY WILLIAMS, ARMANI AFLLEJE, FREDRICK BLANTON, JR., and TIFFANY SHANRIKA HINES ("defendants"),[1] both individually and by and through their counsel of record, Scott Adam Pactor, Kristen Nicole Richards, Michael M. Levin, John D. Robertson, Carlos L. Juarez, and Kenneth Reed, respectively, hereby stipulate as follows:

1.    The Indictment in this case was filed on March 26, 2025. Defendants ROBINSON, MARTIN, AFLLEJE, BLANTON, and HINES first appeared before a judicial officer of the court in which the charges in this case were pending on March 19, 2025.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 4, 2025, as to those defendants.  Defendant HENLEY first appeared before a judicial officer of the court in which the charges in this case were pending on March 20, 2025, and the Speedy Trial Act thus originally required that the trial commence on or before June 4, 2025, as to that defendant.  Defendant WILLIAMS first appeared before a judicial officer of the court in which the charges in this case were pending on April 4, 2025, and the Speedy Trial Act thus originally required that trial commence on or before June 13, 2025, as to that defendant.

2.    On April 4, 2025, the Court set a trial date of March 19, 2025, and a pretrial conference for May 9, 2025, as to defendant WILLIAMS.  On April 8 and 14, 2025, the Court set a trial date of May

---

[1] Defendant EUGENE HENLEY, JR., through counsel Arturo Hernandez-M, objects to any waiver of his right to a speedy trial.

2

20, 2025, and a pretrial conference for May 9, 2025, for all other defendants.

3.    Defendants HENLEY and WILLIAMS are detained pending trial. The remaining defendants are on bond pending trial.  The parties estimate that the trial in this matter will last approximately 12 days.

4.    By this stipulation, defendants move to continue the trial date to May 4, 2026, and the pretrial conference date to April 24, 2026.  This is the first request for a continuance.

5.    Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendants are charged with varying violations of 18 U.S.C. § 1962(d): Racketeer Influence and Corrupt Organizations Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Extortion, Interference with Commerce by Robbery and Extortion, and Attempted Interference with Commerce by Extortion; 18 U.S.C. § 2421(a): Transportation of an Individual in Interstate Commerce with Intent that the Individual Engage in Prostitution; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 666(a)(1)(A): Embezzlement, Conversion, and Intentional Misapplication of Funds from Organization Receiving Federal Funds; 18 U.S.C. § 1344(1): Bank Fraud; 26 U.S.C. § 7201: Attempt to Evade and Defeat the Assessment and Payment of Income Tax; and 26 U.S.C. § 7203: Willful Failure to File a Tax Return.  The government has produced over 60GB of discovery to the defense, including law enforcement reports, search warrants and returns, criminal history documents, recordings, and photographs.  The government is in the process of producing over

3

20,000 intercepted audio calls, as well as numerous surreptitious

audio and video recordings, much of which will be protected

discovery.  The government sent defense counsel a stipulation for a

protective order.

      b.    While defense counsel for defendant HENLEY notes that

defendant HENLEY objects to any continuances, defense counsel

represents that he is presently scheduled to be in the trials listed

in the document attached to this filing as Exhibit A, as well as

various other matters.

      c.    Defense counsel for defendant ROBINSON is presently

scheduled to be in the below-described trials, as well as various

other matters.

        i.    <u>United States v. Haviland, et al.</u>, 24-cr-570-WLH;

        (I)  Filed: 9/26/24;

        (II) Conspiracy to Distribute Controlled

Substances;

        (III)    Client only charged in count 2; count 1

is racketeering conspiracy;

        (IV) Trial date: 2/24/26;

        (V)  Estimated length: Unclear; depends on

groupings and number of defendants, but estimated to be weeks;

        (VI) Continuances: one;

        (VII)    Readiness: Unclear;

        (VIII)    Future continuances: Unclear;

        (IX) Continuance likelihood: Unclear; if there

are groups, I would say my client would not be in the first group

because he is out of custody;

        (X)  Trial likelihood: Unlikely;

1                    ii.  United States v. Espinoza, et al., 18-cr-246-DSF;

2                         (I)  Filed: 6/5/18 (client arraigned on 1/17/25);

3                         (II) Possession with Intent to Distribute

4    Controlled Substances;

5                         (III)    Trial date: 9/9/25;

6                         (IV) Estimated length: 2 to 3 days;

7                         (V)  Continuances: one;

8                         (VI) Trial Readiness: ready;

9                         (VII)    Trial conflicts: only for another trial

10   conflict;

11                        (VIII)    Continuance likelihood: likely if no

12   other trial;

13                   iii. United States v. Zhengliang Wang, 25-cr-112-PA;

14                        (I)  Filed: 2/19/25;

15                        (II) Conspiracy and Smuggling;

16                        (III)    Trial date: 9/16/25;

17                        (IV) Trial estimate: 2 to 3 days;

18                        (V)  Continuances: one;

19                        (VI) Trial readiness: ready;

20                        (VII)    Trial likelihood: unlikely;

21                        (VIII)    Continuance likelihood: unlikely (plea

22   agreement likely);

23                    iv. United States v. Rojas, et al., 25-cr-110-MRA;

24                        (I)  Filed: 2/19/25;

25                        (II) Forced Labor;

26                        (III)    Trial date: 9/29/25;

27                        (IV) Trial estimate: one week;

28                        (V)  Continuances: one;

1                        (VI) Continuance likelihood: unclear; co-

2    defendant has public defender and is in custody;

3                        (VII)    Trial likelihood: seems likely for this

4    one if only because of the co-defendant;

5                        (VIII)    Continuance likelihood: moderately

6    likely;

7                    v.    United States v. Herrera Leyva, et al., 24-cr-

8    2320-TWR;

9                        (I)  Filed: 11/7/24;

10                        (II) Conspiracy to distribute methamphetamine;

11                        (III)    Trial date: 10/24/25;

12                        (IV) Trial estimate: court has five weeks

13   available;

14                        (V)  Continuances: one;

15                        (VI) Trial likelihood: unclear; 50 defendant

16   case;

17                        (VII)    Continuance likelihood: likely because

18   of client's limited involvement, custody status, and presiding judge;

19                    vi.  United States v. Erica Abson Robins, 25-cr-102-

20   ODW;

21                        (I)  Filed: 2/12/25;

22                        (II) Bank Fraud; Access Device Fraud;

23                        (III)    Trial Date: 12/9/25;

24                        (IV) Trial estimate: two weeks?;

25                        (V)  Continuances: one;

26                        (VI) Trial readiness: not prepared, I would

27   think;

28                        (VII)    Trial likelihood: highly likely;

1          (VIII)    Continuance likelihood: likely; all
2 defendants out of custody.

3          d.    Defense counsel for defendant MARTIN is presently
4 scheduled to be in the below-described trials, as well as various
5 other matters.

6          i.    <u>United Stats v. Courdry</u>, 23-cr-200-MCS.
7 Indictment filed in 2023.  The case is a multi-defendant complex case
8 involving RICO and wire fraud charges.  Trial is set for October 20,
9 2026.  Government's trial estimate is 15 days.  Trial is expected to
10 proceed on this date.

11          ii.    <u>United States v. Hurtado</u>, 23-cr-545-AB.
12 Superseding indictment filed at the end of 2024.  This is a complex
13 case involving RICO/VICAR and drug conspiracy charges against alleged
14 MS-13 members.  Trial is to commence on November 17, 2025.  The trial
15 is expected to proceed on this date.  Trial estimate for the
16 government case is 10 days.

17          iii. <u>United States v. Haviland</u>, 24-cr-570-WLH.  This
18 is a multi-defendant complex case involving charges of RICO, drug
19 conspiracy, substantive drug counts, and various fraud charges.
20 Trial is set to commence on February 25, 2026.  Trial estimate is 21
21 days.

22          iv.  <u>United States v. Cruz-Hernandez</u>, 19-cr-117-ODW.
23 This is a multi-defendant complex MS-13 case involving RICO/VICAR
24 charges.  Trial is in two groups and set for September 9, 2025, and
25 April 14, 2026.  Trial estimate is more than a month.

26          e.    Defense counsel for defendant WILLIAMS is presently
27 scheduled to be in various state-court trials listed in the document
28 attached hereto as Exhibit B, as well as various other matters.

f.   Defense counsel for defendant AFLLEJE is presently scheduled to be in the below-described trials, as well as various other matters.

i.   <u>United States v. Wu, et al.</u>, 24-CR-110-GW, the case is pending in the US District Court, Central District of California.  I represent Defendant Li Chen Lee.  The age of the action is one year and two months.  The trial date is currently scheduled for June 10, 2025, and is estimated to last three weeks. The nature of the charges involves money laundering and narcotics distribution with the involvement of several co-defendants.  Given the allegations against my client, the multiple co-defendants, as well as the lengthy trial estimate and voluminous discovery, the case is complex.  One continuance has been previously granted.  There is a likelihood of further continuance on this matter and therefore it is not likely that the trial will proceed on the scheduled date.

ii.   <u>United States v. Jaramillo, et al.</u>, 23-CR-411-HDV, the case is pending in the US District Court, Central District of California.  I represent Defendant Jesus Zacarias.  The age of the action is about nine months.  The current trial date is July 15, 2025.  This nature of the offense consists of a racketeering conspiracy and violent acts in aid of racketeering, and given the number of co-defendants and the overall allegations involving the racketeering conspiracy, it is a complex case.  The case has previously been continued, and at this time, I do not anticipate requesting a future continuance, but I believe that as to my client there is a strong likelihood that the matter will be resolved without a trial prior to the scheduled trial date.

iii.  <u>United States v. Haviland, et al.</u>, 24-CR-570-WLH, and the case is pending in the US District Court, Central District of California.  I represent Defendant Rebeka Benedict.  The age of the action is about seven months.  The current trial date is February 24, 2026.  The nature of the offense consists of Defendant being involved in narcotics distribution and a conspiracy spanning several years involving numerous co-defendants.  I believe that the case has been previously continued and has been deemed complex.  I anticipate that as to my client, trial will not be proceeding in the scheduled trial date, and that there is a significant likelihood that the matter will be resolved without a trial.

iv.  <u>United States v. Romero, et al</u>., 24-CR-381-MRA, and the case is pending in the US District Court, Central District of California.  I represent Defendant Albert Romero.  The current trial date is June 16, 2025.  The age of the action is about 10 months. The nature of the offense consists of narcotics distribution, but the case is not complex.  I do not think that a future continuance will be requested, and there is a significant likelihood that the case will be resolved by the trial date.

g.  Defense counsel for defendant BLANTON is presently scheduled to be in the below-described trials, as well as various other matters.

i.  <u>United States v. Medina</u>, 13-cr-00537-GW-12. Indictment filed in 2013 with defendant making first appearance at her post-indictment arraignment on December 1, 2023.  The case involves multiple defendants and a RICO-drug conspiracy.  This case is complex.  Trial is set to begin on June 24, 2025.  The trial was

1  continued two times.  I expect the trial to proceed on the date set.

2  Trial estimate is four to five days.

3          ii.  <u>United States v. Pelayo</u>, 22-cr-00238-SSS-2;

4  complaint was filed on September 26, 2022.  Two defendants are

5  charged with multiple robberies with firearms; the case is not

6  complex.  The current trial date is January 26, 2026.  Trial estimate

7  is 14 to 16 days.  The case has been continued about five times.  A

8  new counsel was recently appointed to represent the co-defendant.

9  The government and I will be ready to proceed on the scheduled trial

10 date.  The likelihood of further continuance is minimal.

11         iii. <u>United States v. Angulo</u>, 24-cr-00209-RGK.

12 Indictment filed on or about August 5, 2024, and defendant is out on

13 bail.  The case involves five defendants charged with conspiracy to

14 use roosters for fighting and gaming.  The trial is currently set for

15 June 17, 2025.  The case has been continued once.

16         iv.  <u>United States v. Lopez</u>, 23-cr-00199-JGB-1.  This

17 is a five-defendant cartel/kidnapping case of a minor.  The initial

18 Indictment was filed on October 17, 2024.  The case has been

19 continued numerous times.  It is expected to proceed to trial on July

20 22, 2025.  All defendants are in custody.

21         v.   <u>United States v. Rosales</u>, CR19-00117-ODW-22; MS-

22 13 case involving numerous defendants charged with RICO/VICAR

23 murders.  The case has been split into two groups for trial.  Group 1

24 commences trial on April 14, 2026, and Group 2, which my client,

25 Rosales, has been placed in, is set to commence on September 9, 2025.

26 There are nine defendants in Group 2.  The trial is expected to last

27 three to four months.  No continuances will be granted.

28

h.    Defense counsel for defendant HINES is presently scheduled to be in various state-court trials listed in the document attached hereto as Exhibit C, as well as various other matters.

i.    Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare and be available to try this case on the current trial date.

j.    In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

k.    Defendant HENLEY objects to continuing the trial in this matter.  Nonetheless, the stipulating parties agree that, pursuant to U.S.C. § 3161(h)(6), the time period of May 20, 2025, to May 4, 2026, constitutes a reasonable period of delay for defendant HENLEY, who is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

l.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

m.    The government does not object to the continuance.

1             n.   The requested continuance is not based on congestion

2  of the Court's calendar, lack of diligent preparation on the part of

3  the attorneys for the government or the defense, or failure on the

4  part of the attorney for the Government to obtain available

5  witnesses.

6       6.   For purposes of computing the date under the Speedy Trial

7  Act by which defendants' trial must commence, the parties agree that

8  the time period of May 20, 2025, to May 4, 2026, inclusive, should be

9  excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and

10  (h)(7)(B)(iv) because the delay results from a continuance granted by

11  the Court at defendants' request, without government objection, on

12  the basis of the Court's finding that: (i) the ends of justice served

13  by the continuance outweigh the best interest of the public and

14  defendants in a speedy trial; (ii) failure to grant the continuance

15  would be likely to make a continuation of the proceeding impossible,

16  or result in a miscarriage of justice; and (iii) failure to grant the

17  continuance would unreasonably deny defendants continuity of counsel

18  and would deny defense counsel the reasonable time necessary for

19  effective preparation, taking into account the exercise of due

20  diligence.

21       7.   Nothing in this stipulation shall preclude a finding that

22  other provisions of the Speedy Trial Act dictate that additional time

23  periods be excluded from the period within which trial must commence.

24  Moreover, the same provisions and/or other provisions of the Speedy

25  //

26  //

27

28

1  Trial Act may in the future authorize the exclusion of additional

2  time periods from the period within which trial must commence.

3          IT IS SO STIPULATED.

4  Dated: May 2, 2025                Respectfully submitted,

5                                    BILAL A. ESSAYLI
                                     United States Attorney
6
                                     LINDSEY GREER DOTSON
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9                                    _____/s/_____
                                     KEVIN J. BUTLER
10                                   JENA A. MACCABE
                                     Assistant United States Attorneys
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      I am SYLVESTER ROBINSON's attorney.  I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client.  I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than May 4, 2026, is an

7  informed and voluntary one.

8

9  _____     _____
   SCOTT ADAM PACTOR                     Date   5/2/25
10 Attorney for Defendant
   SYLVESTER ROBINSON

11

12     I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than May 4, 2026.  I

16 understand that I will be ordered to appear in Courtroom 6B of the

17 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May

18 4, 2026 at 8:30 a.m.

19 _____     _____
                                         Date   5/2/2025
20 SYLVESTER ROBINSON
   Defendant

21

22

23

24

25

26

27

28

1    I am MARK MARTIN's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client.  I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than May 4, 2026, is an

7  informed and voluntary one.

8

9  KRISTEN NICOLE RICHARDS                    05/02/2025
   Attorney for Defendant                     Date
10  MARK MARTIN

11

12    I have read this stipulation and have carefully discussed it

13  with my attorney.  I understand my Speedy Trial rights.  I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than May 4, 2026.  I

16  understand that I will be ordered to appear in Courtroom 6B of the

17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May

18  4, 2026 at 8:30 a.m.

19

20  MARK MARTIN                                5-02-2025
   Defendant                                  Date

21

22

23

24

25

26

27

28

                              15

I am TERMAINE ASHLEY WILLIAMS's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than May 4, 2026, is an informed and voluntary one.

_____    5/1/2025
MICHAEL M. LEVIN            Date
Attorney for Defendant
TERMAINE ASHLEY WILLIAMS


I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 4, 2026.

_____    4/30/2025
TERMAINE ASHLEY WILLIAMS     Date
Defendant

1    I am FREDRICK BLANTON, JR. attorney. I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client. I have fully informed my client of his Speedy Trial

4  rights. To my knowledge, my client understands those rights and

5  agrees to waive them. I believe that my client's decision to give up

6  the right to be brought to trial earlier than May 4, 2026, is an

7  informed and voluntary one.

8

9  CARLOS L. JUAREZ           Date 4-30-2025

10  Attorney for Defendant
FREDRICK BLANTON, JR.

11

12    I have read this stipulation and have carefully discussed it

13  with my attorney. I understand my Speedy Trial rights. I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than May 4, 2026. I

16  understand that I will be ordered to appear in Courtroom 6B of the

17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May

18  4, 2026 at 8:30 a.m.

19

20  FREDRICK BLANTON, JR.       Date 4-30-25
Defendant

21

22

23

24

25

26

27

28

18

1    I am ARMANI AFLLEJE's attorney.  I have carefully discussed
2    every part of this stipulation and the continuance of the trial date
3    with my client.  I have fully informed my client of his Speedy Trial
4    rights.  To my knowledge, my client understands those rights and
5    agrees to waive them.  I believe that my client's decision to give up
6    the right to be brought to trial earlier than May 4, 2026, is an
7    informed and voluntary one.

8    _____          4/30/25
9    JOHN D. ROBERTSON                         Date
     Attorney for Defendant
10   ARMANI AFLLEJE

11

12       I have read this stipulation and have carefully discussed it
13   with my attorney.  I understand my Speedy Trial rights.  I
14   voluntarily agree to the continuance of the trial date, and give up
15   my right to be brought to trial earlier than May 4, 2026.  I
16   understand that I will be ordered to appear in Courtroom 6B of the
17   Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May
18   4, 2026 at 8:30 a.m.

19   _____          4-30-25
20   ARMANI AFLLEJE                            Date
     Defendant
21

22

23

24

25

26

27

28

                                17

1    I am TIFFANY SHANRIKA HINES's attorney.  I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client.  I have fully informed my client of his
4  Speedy Trial rights.  To my knowledge, my client understands those
5  rights and agrees to waive them.  I believe that my client's decision
6  to give up the right to be brought to trial earlier than May 4, 2026,
7  is an informed and voluntary one.

8    *Kenneth Reed*                              May 2, 2025
9    KENNETH REED                                Date
     Attorney for Defendant
10   TIFFANY SHANRIKA HINES

11

12    I have read this stipulation and have carefully discussed it
13  with my attorney.  I understand my Speedy Trial rights.  I
14  voluntarily agree to the continuance of the trial date, and give up
15  my right to be brought to trial earlier than May 4, 2026.  I
16  understand that I will be ordered to appear in Courtroom 6B of the
17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May
18  4, 2026 at 8:30 a.m.
19                                               5/2/2025
20   TIFFANY SHANRIKA HINES                      Date
     Defendant
21

22

23

24

25

26

27

28

19